J-A22040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JILL COOPEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CITY OF WILKES-BARRE; JOSEPH J. RANIELI; UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE CO. | |
| Appellees | No. 1410 MDA 2014 |

Appeal from the Order Entered August 4, 2014
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 3940-2006

| | |
|---|---|
| JILL COOPEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CITY OF WILKES-BARRE; JOSEPH J. RANIELI; UNITED PARCEL SERVICE, INC.; UNITED PARCEL SERVICE CO. | |
| Appellants | No. 1524 MDA 2014 |

Appeal from the Order Entered August 4, 2014
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 3940-CV-2006

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

---

[*] Retired Senior Judge assigned to the Superior Court.

J-A22040-15

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 30, 2015**

In these consolidated cross-appeals, Appellant, Jill Coopey (Coopey), and Appellees/Cross-Appellants, Joseph J. Ranieli, United Parcel Service, Inc., and United Parcel Service Co. (UPS), appeal from the order entered on August 4, 2014, which granted in part and denied in part Coopey's motion for post-trial relief.  After careful review, we affirm.

The trial court summarized the factual and procedural history as follows:

> . . . Coopey alleged she suffered injuries to her spine, head, thumb, and knee when a delivery truck broad-sided her vehicle on April 13, 2004.  Evidence established that a stop sign had been removed or otherwise knocked down at the intersection prior to the accident occurring.  [] Coopey sued [Mr.] Ranielli, a [UPS] truck driver, for driving negligently, [] UPS under a theory of *respondeat superior*, and the City of Wilkes-Barre for failing to maintain the missing stop sign at the intersection at the site of the crash.
>
> At trial, [Coopey] provided documentary evidence such as emergency room records, MRI films, and X-Rays, as well as expert medical testimony to argue that the car accident caused significant lumbar spine and other injuries.  [Coopey] offered evidence from multiple witnesses, including medical expert Dr. William R. Prebola, of four distinct categories of injury resulting from the accident: (1) spinal disc herniations, (2) head laceration, (3) thumb abrasion, and (4) knee fracture.
>
> . . . UPS vigorously cross-examined [Coopey's] expert and lay witnesses, arguing that [her] spinal injuries pre-existed this car accident.  However, [UPS] never argued the veracity or reliability of [Coopey's] witnesses regarding the head, thumb, and knee injuries [she] suffered.  [UPS] did not call their own expert medical witnesses.  Further, [] counsel for the City of Wilkes-Barre argued throughout the course of trial that the City did not have notice of the missing stop sign, which the law requires in order to hold the City liable.

- 2 -

At the completion of trial, responding to special interrogatories on the verdict slip, the [j]ury found as follows: (1) City of Wilkes-Barre did not act negligently; (2) [UPS] acted negligently, but such negligence was not a substantial factor in causing the harm suffered; (3) [Coopey] acted negligently, but such negligence was not a substantial factor in causing the harm suffered. [Coopey] neither polled the jury nor objected to the verdict prior to dismissal of the jury. [She] then filed a [m]otion for [p]ost[-t]rial [r]elief and a [n]ew [t]rial, arguing that the [trial c]ourt erred in making a number of prejudicial evidentiary rulings and that the [j]ury's verdict was against the weight of the evidence at trial.

(Trial Court Opinion, 8/04/14, at 1-2) (transcript citations omitted).

On August 4, 2014, the trial court granted in part and denied in part Coopey's motion for post-trial relief. Specifically, the court "order[ed] a [n]ew [t]rial for the limited purpose of (1) apportioning the percentage of fault . . . between [Coopey] and [UPS], and (2) assessing damages for the undisputed thumb, head, and knee injuries . . . ." (Order, 8/04/14, at unnumbered page 2).

On August 20, 2014, the court entered judgment pursuant to Coopey's praecipe.[1] On the same date, Coopey timely appealed. UPS timely filed a cross-appeal on September 3, 2014.[2]

On appeal and cross-appeal, the parties raise the following questions:

_____

[1] We note that the trial court's August 4, 2014 order awarding a new trial is appealable as of right. *See* Pa.R.A.P. 311(a)(6). Therefore, we are constrained to conclude that it was error to enter judgment because issues remained pending. Accordingly, we vacate the August 20, 2014 judgment.

[2] The court did not order the parties to file Rule 1925(b) statements, nor did it file a Rule 1925(a) opinion. *See* Pa.R.A.P. 1925.

Coopey presents four questions for our review:

1.     At the new trial, should [Coopey] be permitted to prove all injuries asserted by her physicians and not merely the ones that the trial court deemed to be uncontroverted after [UPS] counsel's cross-examination?

2.     . . . Did the trial court erroneously fail to charge the jury that [Coopey] could recover if she aggravated a pre-existing condition, an issue raised by [UPS] counsel in his cross-examination of [Coopey] and her physicians?

3.     . . . Did the trial court properly exclude [photographs taken of Coopey shortly after her 1993 fall from a horse]?

4.     At the retrial, should UPS be precluded from asserting that [Coopey] was contributorily negligent?

(Coopey's Brief, at 6-7).[3]

UPS presents seven questions:

[1.]   Are Ms. Coopey's brief and reproduced record substantially defective under the Pennsylvania Rules of Appellate Procedure?

[2.]   Does Ms. Coopey's failure to brief and argue certain issues in her post-trial motions preclude appellate review of those issues?

[3.]   Was the trial court correct in denying Ms. Coopey judgment [notwithstanding the verdict] or a new trial on her alleged back and neck injuries?

[4.]   Did the trial court correctly decline to charge the jury on aggravation of pre-existing condition?

---

[3]  We note that Coopey's statement of questions involved contains "unnecessary detail." Pa.R.A.P. 2116(a).

[5.] Did the trial court correctly exclude from evidence a photograph produced for the first time during trial that purported to show Ms. Coopey with crutches?

[6.] Does Ms. Coopey present any basis upon which to overturn the jury's verdict that she was contributorily negligent?

[7.] Did the trial court err in overturning the jury's verdict that the accident caused no injury to Ms. Coopey?

(UPS' Brief, at 6-7) (most capitalization omitted).[4]

Preliminarily, we note that UPS' first and second issues raise procedural concerns.

First, UPS alleges that Coopey's "brief and reproduced record [] fail in multiple respects to conform to the appellate rules." (UPS' Brief, at 32). Specifically, UPS claims that (1) Coopey compiled the reproduced record without its participation and created a "mangled document dump" (*id.* at 33); (2) relevant docket entries are not included; (3) the brief fails to set forth facts with supporting record citations; (4) argument is impermissibly included in the statement of the case; (5) the argument section fails to cite to the record; and (6) the brief is misleading because Coopey is arguing from documents never admitted into evidence. (*See id.* at 31-37). We disagree.

_____

[4] The substance of UPS' questions three, four, five, and six directly responds to Coopey's issues one, two, three, and four, respectively. Therefore, we will address the issues raised as they appear in UPS' brief for ease of analysis and disposition.

It is well-settled that "[t]his Court may quash or dismiss an appeal if the appellant's brief fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure." *Forrester v. Hanson*, 901 A.2d 548, 551 n.2 (Pa. Super. 2006); *see also* Pa.R.A.P. 2101 (authorizing quashal or dismissal for substantial briefing defects).

Here, upon independent review, we conclude that Coopey has substantially complied with our appellate rules and included record citations where appropriate. *See* Pa.R.A.P. 2117, 2119, 2152-53; (*see also* Coopey's Brief, at 4-62). Accordingly, this issue lacks merit.

Next, UPS alleges that Coopey has waived issues not raised in her post-trial motions. Specifically, "her claimed neck and back injury, her unsuccessful effort to obtain a jury charge on alleged aggravation of pre-existing injuries, and the granting of the objection to introduction at trial of a newly-produced photograph picturing her sometime after her 1993 fall from the horse . . . ." (UPS' Brief, at 37). We disagree.

It is well-settled that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Further, the "[f]ailure to set forth an argument in briefs filed in the court in support of post-trial motions constitutes a failure to preserve the issue or issues not argued." *Jackson v. Kassab*, 812 A.2d 1233, 1235 (Pa. Super. 2002), *appeal denied*, 825 A.2d 1261 (Pa. 2003) (citations omitted).

Here, Coopey has preserved her appeal issues in her post-trial motions and brief. (**See** Post-Trial Motions, 4/21/14, at 2-6; Brief, 5/23/14, at 11-15). Accordingly, this issue lacks merit.

UPS' remaining issues challenge the trial court's ruling on Coopey's post-trial motions.

> The applicable standard of review of the court's decision to grant a new trial is as follows:
>
>> The decision of whether to grant a new trial is within the sound discretion of the trial court. We will not disturb the trial court's decision unless the court palpably abused its discretion or committed an error of law. In evaluating an order awarding a new trial, we keep in mind that a new trial is warranted where the jury's verdict is so contrary to the evidence as to shock one's sense of justice. However, a new trial should not be granted because of a mere conflict in testimony or because the trial judge, on the same facts, would have arrived at a different conclusion.
>
>> Where there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused **some** injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least **some** of plaintiff's injuries. Such a verdict is contrary to the weight of the evidence adduced at trial. In other words, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic.

**Andrews v. Jackson**, 800 A.2d 959, 962 (Pa. Super. 2002), *appeal denied*, 813 A.2d 835 (Pa. 2002) (citations and quotation marks omitted; emphases in original).

In the third issue, UPS challenges Coopey's request "to reverse the jury verdict and direct judgment [notwithstanding the verdict] on causation

and order a new trial on damages on the issue of her alleged back and neck injuries." (UPS' Brief, at 42; *see id.* at 42-47) (footnote and citation omitted). Coopey claims, in her corresponding first issue, that the trial court erred in limiting her, at the new trial, to damages related to the injuries "deemed uncontroverted[,]" specifically, thumb, head, and knee injuries. (Coopey's Brief, at 23). She argues that the court "should, instead permit [her] to prove all her damages, including cervical and lumbar disc herniations." (*Id.*). We disagree.

The trial court explained:

> This leads the [trial c]ourt to the important question of what exactly constitutes uncontroverted evidence. Unlike **Andrews**[, *supra*], in this case [UPS] did not call any expert medical witnesses, so the circumstance here do not involve agreement among both parties' experts. Instead, [UPS] relied upon cross-examination of [Coopey's] witnesses and vigorous argument that the alleged back injuries pre-existed this accident, at the same time ignoring the alleged thumb, head, and knee injuries.
>
> Upon review, [the trial c]ourt believes that the holding in **Andrews**[, *supra*] stand[s] for the principle that agreement between medical experts as to the existence of an injury is sufficient to constitute uncontroverted evidence, but not necessary. In other words, other circumstances may arise that present uncontroverted evidence of an injury without agreement between parties' experts.
>
> * * *
>
> In this case, [UPS] called no expert medical witnesses and failed to rebut expert medical testimony that [Coopey] suffered thumb, head, and knee injuries as a result of the April 13, 2004 car accident. . . . [T]his is not a case in which the jury was entitled to disbelieve [Coopey's] expert on these particular injuries in favor of [UPS'] expert. In this [c]ourt's view, the

- 8 -

failure of [UPS] to address the thumb, head, and knee injuries makes the evidence uncontroverted. . . . Coopey provided unrebutted expert medical testimony rising to the level of uncontroverted evidence that she suffered head, [thumb], and knee injuries from the automobile accident.

(Trial Ct. Op., at 6-7, 9-10) (emphases and citations omitted). Upon review, we agree and conclude that the record supports the court's decision to limit Coopey to the uncontroverted injuries. *See Andrews*, *supra* at 962. Accordingly, the third issue does not merit relief.

In the fourth issue, UPS challenges Coopey's requested jury charge on the aggravation of a pre-exiting condition because she "adamantly den[ied] the existence of any pre-existing injury throughout the course of the trial[.]" (UPS' Brief, at 47; *see id.* at 47-50). Coopey claims, in her corresponding second issue, that "the [trial] court erroneously failed to charge [the jury] that [she] could recover if she aggravated a pre-existing condition[.]" (Coopey's Brief, at 41). We disagree.

When an appellate court reviews a challenge to the trial court's refusal to give a specific jury instruction, the court's role is to determine whether the record supports that decision. In fulfilling this role, we must keep in mind that a trial court should charge on a point of law when there is **some factual support** in the record for the charge. . . .

*Meyer v. Union Railroad Co.*, 865 A.2d 857, 866 (Pa. Super. 2004) (citations omitted; emphasis in original).

Here, the record reflects that Coopey consistently denied that she had any pre-existing injuries. (*See* N.T. Trial, 4/08/14, at 168, 170, 176, 179-80, 182-84, 187-89, 204). Therefore, there is no factual support for her

requested jury instruction and the trial court properly refused to issue the charge. *See Meyer*, *supra* at 866. Accordingly, Coopey is not entitled to relief on this basis. *See Andrews*, *supra* at 962. This issue lacks merit.

In the fifth issue, UPS challenges Coopey's attempt to introduce a photograph originally produced in the middle of trial. (*See* UPS' Brief, at 50-51). Coopey claims, in her corresponding third issue, that "the trial court erroneously excluded photographs taken of [her] after her 1993 fall from a horse." (Coopey's Brief, at 47). Specifically, she asserts that "[t]he trial court erred because the discovery request upon which it relied was overbroad, and the 'harsh sanction' of excluding such evidence was not appropriate in light of the lack of prejudice." (*Id.*). We disagree.

> The admissibility of evidence is a matter addressed solely to the discretion of the trial court and may be reversed only upon a showing that the court abused its discretion. Thus our standard of review is very narrow. . . . To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Klein v. Aronchick*, 85 A.3d 487, 491 (Pa. Super. 2014), *appeal denied*, 104 A.3d 5 (Pa. 2014) (quotation marks and citations omitted).

Here, the record reflects that it is undisputed that UPS requested the photographs during discovery and Coopey did not produce them. (*See* Coopey's Brief, at 48-52; UPS' Brief, at 50-51; N.T. Trial, 4/07/14, at 104-06). Instead, Coopey produced the photographs during trial. (*See* N.T. Trial, 4/07/14, at 104-06). However, counsel did not argue that the discovery request was improper, but rather stated "[he] had no way of

- 10 -

knowing that they would even be important until [he] now heard the five days of testimony." (*Id.* at 106; *see also* Coopey's Brief, at 48). Accordingly, the trial court relied on both the fact that the photographs "were not turned over" and its ruling on Coopey's motion *in limine* to exclude them from trial. (N.T. Trial, 4/07/14, at 106; *see also* Order, 3/14/14, at unnumbered page 2 ("All parties will be precluded from using any documents at trial that were not produced during discovery.")).

Therefore, we conclude that the trial court did not abuse its discretion in precluding the photographs. *See Klein*, *supra* at 491. Accordingly, Coopey is not entitled to relief on this basis. *See Andrews*, *supra* at 962. This issue lacks merit.

In the sixth issue, UPS challenges Coopey's request for "judgment notwithstanding the verdict . . . on the issue of her negligence." (UPS' Brief, at 52; *see id.* at 52-54). Coopey claims, in her corresponding fourth issue, that "[a]t the retrial, UPS should be precluded from asserting that [she] was contributorily negligent." (Coopey's Brief, at 53). Specifically, she asserts that "there is no evidence that she drove her vehicle in a negligent manner." (*Id.*). We disagree.

The trial court explained:

> . . . [T]he jury found that [Coopey] and [UPS] acted negligently, thereby making them both liable for causing this accident.
>
> * * *
>
> . . . [T]he jury's determination that both [] Coopey and [UPS] drove negligently is unambiguous and free from doubt. . . .

- 11 -

(Trial Ct. Op., at 10, 12).  Upon review, we agree.  Coopey testified that she saw Mr. Ranieli in the UPS truck approach the intersection.  (**See** N.T. Trial, 4/07/14, at 137; N.T. Trial, 4/08/14, at 195-96).  She further indicated that she honked her horn, slowed down, but did not stop.  (**See** N.T. Trial, 4/07/14, at 137; N.T. Trial, 4/08/14, at 196-97).

Accordingly, we conclude that the record supports the court's finding that the jury's verdict was not contrary to the evidence.  **See Andrews**, **supra** at 962.  This issue does not merit relief.

In the final issue, UPS claims that the "trial court erred in overturning [the] jury verdict that the accident caused no injury to Ms. Coopey."  (UPS' Brief, at 54) (most capitalization omitted).  Specifically, UPS argues that the trial court overstated the evidence presented and relied on inapplicable law.  (**See id.** at 55-60).  We disagree.

The trial court concluded:

> . . . [T]he [j]ury's failure to causally relate the negligence of [UPS] and the comparative negligence of [] Coopey to the [head, thumb, and knee] injuries suffered in the crash goes against the weight of the evidence. . . .
>
> \* \* \*
>
> Much of the confusion in this case stems from the [j]ury's finding that both [Coopey] and [Mr. Ranielli] drove negligently, but that negligence did not cause any harm, even the uncontroverted head, thumb, and knee injuries that resulted from the accident.  Unfortunately, upon review, Pennsylvania law does not permit a jury to make such a finding in this particular case.

Under Pennsylvania case law, in an auto accident case, where uncontroverted evidence of any injury that arose from the auto accident exists, the jury must find that the negligent party's conduct was a substantial factor in leading to that injury.

\* \* \*

Ultimately, in a case involving a car accident where uncontroverted evidence of an injury related to that accident occurs, if the jury finds the defendant negligent, the jury must also find the negligence to be a substantial factor in causing the injury unless the plaintiff's excessive comparative negligence prevents recovery.

\* \* \*

[T]he jury found that [Coopey] and [UPS] acted negligently, thereby making them both liable for causing this accident. By finding that neither [Coopey] nor [UPS] caused injuries uncontestedly resulting from this accident defies logic, shocks the conscience of the [trial c]ourt, and is against the weight of the evidence.

\* \* \*

The problem in the case at bar arose because the jury failed to apportion the degree of negligence in causing the accident between [] Coopey and [UPS]. The comparative negligence of [Coopey] in this case, which may or may not bar recovery entirely, requires the [trial c]ourt to burden a new jury with apportioning fault between the two negligent parties prior to apportioning any damages.

\* \* \*

Justice requires [the trial c]ourt to find that the jury's determination that both [] Coopey and [Mr. Ranielli] drove negligently is unambiguous and free from doubt. Furthermore, nothing suggests to [the trial] court that the issues of damages and liability are intertwined here. In this case, an automobile accident where the [j]ury found [Coopey] and [UPS] negligent and where uncontroverted evidence of an injury causally related to the accident exists, the [j]ury could not legally determine that

the negligence was **not** a substantial factor in bringing about the injury. . . .

(Trial Ct. Op., at 3, 6, 10, 12-13) (citations omitted and emphasis in original). Upon review, we agree and conclude that the record supports the court's finding that the jury's verdict was contrary to the evidence. ***See Andrews***, ***supra*** at 962. Accordingly, this issue does not merit relief.

Judgment vacated. Order affirmed. Case remanded for a new trial limited to apportioning degree of liability between Coopey and UPS, and assessing damages, if any, for the undisputed thumb, head, and knee injuries that Coopey suffered in the April 13, 2004 car accident. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2015