J-S17026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NEW BRITTANY II HOMEOWNERS ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS AND JANET ZAYATZ | : | No. 116 MDA 2021 |

Appeal from the Order Entered December 21, 2020,
in the Court of Common Pleas of York County,
Civil Division at No(s):  2019-SU-000612.

BEFORE:   STABILE, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JULY 13, 2021**

Plaintiff, New Brittany II Homeowners Assocation ("HOA"), appeals from the order granting summary judgment to the Defendants, Thomas and Janet Zayatz, on the HOA's Claim against them.  Because the Zayatzs' Counterclaim for attorney's fees against the HOA remains unresolved in the trial court, we quash this appeal as premature.

After receiving the HOA's notice of appeal to this Court,[1] the Zayatzs moved to quash, because the appealed-from order was interlocutory.  ***See***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that exclusive, appellate jurisdiction over this case (wherein the trial court interpreted and applied the constitution, by-law, and regulations of the HOA) may lie in the Commonwealth Court of Pennsylvania, because the HOA is a non-profit of which the Zayatzs are members.  ***See*** 42 Pa.C.S.A. 762(a)(5)(ii) (grating the Commonwealth Court ***exclusive***, subject-matter jurisdiction over appeals "involving the corporate affairs of any corporation
*(Footnote Continued Next Page)*

Zayatzs' 2/19/21 Motion to Quash. The HOA did not respond to the motion, and this Court entered an order denying quashal. **See** Superior Court Order, 3/19/21. However, due to a scrivener's error, this Court omitted the words "without prejudice to reraise the issue of jurisdiction before the merits panel" from that order. Upon merits-panel review, we agree with the Zayatzs.

"The jurisdiction of the court in a matter before it may be raised at any time." **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa. Super. 2006). "This Court does not have jurisdiction to entertain an appeal from a non-appealable, interlocutory order." **Id.**

A party may appeal to this Court "from a final order, from interlocutory orders by permission, from certain interlocutory orders as of right, and from certain collateral orders." **Redevelopment Auth. of Cambria v. Int'l Ins. Co.**, 685 A.2d 581, 585 (Pa Super. 1996) (internal citations omitted). "A final order is (1) any order that disposes of all claims or of all parties, (2) any order that is expressly defined as a final order by statute, or (3) any order entered as a final order pursuant to subsection (c) of Pa.R.A.P. 341." **Id.**

Generally, an order disposing of one issue at summary judgment does not constitute a final, appealable order. **See**, **e.g.**, **Swift v. Milner**, 442 A.2d 1144 (Pa. Super. 1982); **Rohr v. Keystone Insurance Co.**, 439 A.2d 809

---

not-for-profit subject to Title 15 or the affairs of the members, security holders, directors, officers, or employees or agents thereof, as such."). **See Mohn v. Bucks County Republican Comm.**, 218 A.3d 927, 929 (Pa. Super. 2019) (*en banc*), *transferred to*, No. 24 C.D. 2018, 2020 WL 1079247 (Pa. Cmwlth. 2020) (unpublished), *appeal granted*, 241 A.3d 1094 (Pa. 2020).

(Pa. Super. 1982). A final, appealable order is "any order that disposes of **all claims** and of all parties; or is entered as a final order . . . ." Pa.R.A.P. 341 (emphasis added).

Here, the Zayatzs moved for limited summary judgment. They sought judgment as a matter of law on the HOA's action against them for allegedly relocating their driveway in violation of the HOA's constitution, by-laws, and regulations. However, the Zayatzs specifically excluded their Counterclaim for attorney's fees from their motion from summary judgment. They asked the trial court to "enter judgment in [their] favor on the issue of liablity and schedule a hearing regarding the assessment of attorney's fees." Zayatzs' Motion for Summary Judgment at 7. The trial court granted their motion without addressing the Counterclaim seeking attorney's fees.

Hence, a factual issue remains unresolved as to the Zayatzs' measure of damages – *i.e.*, the amount of attorney's fees the HOA owes them, if any, for violating its internal operating rules and procedures. Because this factual dispute is unresolved, the order granting summary judgment to the Zayatzs on the question of liablity is not a final order disposing of all claims and all parties. Thus, the order is interlocutory; the HOA's appellate rights are not ripe.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>07/13/2021</u>