Donna **BILOTTI–KERRICK**, Administratrix of the Estate of Marie Mollica, Deceased; and Donna Bilotti–Kerrick, in Her Own Right; and Mark A. Mollica, Corinne Mollica and Matthew Mollica, Appellants

v.

**ST. LUKE'S HOSPITAL** and Peter R. Puleo, M.D., Appellees

Superior Court of Pennsylvania.

Argued Feb. 16, 2005.

Filed April 22, 2005.

John R. Brown, Philadelphia, for Bilotti–Kerrick et al., appellant.

Mark R. Zolfaghari, Conshohocken, for Puleo, appellee.

John J. Hare, Philadelphia, for St Lukes, appellee.

Before: GANTMAN, PANELLA, and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.:

¶ 1 Appellants, the plaintiffs in this matter,[1] challenge the order of July 22, 2004, transferring venue from Northampton County to Lehigh County.[2] Appellants claim that venue is proper in Northampton County, while appellees, Peter Puleo, M.D. and St. Luke's Hospital, claim venue is only proper in Lehigh County. We affirm.

¶ 2 The relevant factual history is as follows. Appellants initiated this lawsuit by filing a complaint in the Court of Common Pleas of Northampton County in February of 2004. Trial Court Opinion, 7/22/04, at 2. Appellants thereafter filed an amended complaint alleging, in Count I, negligence against Dr. Puleo, and in Count II, negligence against St. Luke's Hospital.[3] *Id.*

¶ 3 The allegations of the amended complaint state that on March 15, 2002, at approximately 10:33 p.m., Marie Mollica was taken by ambulance to the Pocono Medical Center in East Stroudsburg because she was experiencing nausea as well as numbness in her arms. Amended Complaint, at 6. After an initial evaluation, consultation with a cardiologist, and various lab studies, at approximately 3:00 a.m., the doctor at Pocono Medical Center advised that Marie Mollica be transfered and admitted into St. Luke's Hospital for immediate cardiac catheterization, a procedure that was not available at Pocono Medical Center. *Id.* at 6–7.

¶ 4 Appellants allege that Dr. Puleo, a cardiologist with St. Luke's Hospital, who was at his home in Northampton County at the time, agreed to accept Marie Mollica upon her arrival by helicopter at St. Luke's Hospital in Lehigh County and to provide appropriate medical treatment in the cardiac catheterization lab by 6:00 a.m. that morning. *Id.* at 7. Marie Mollica was instead taken to the critical care unit, was not seen by Dr. Puleo until his arrival at 10:15 a.m., and was not taken to the cardiac catheterization lab for the necessary procedure until almost noon that day. *Id.* at 7–8. Following the cardiac catheterization procedure and two emergency surgeries, Marie Mollica ultimately passed away on March 18, 2002. *Id.* at 9. After appellants filed suit, appellees filed preliminary objections to the amended complaint, arguing improper venue. Trial Court Opinion, 7/22/04, at 1. The court then filed its order transferring venue from Northampton County to Lehigh County and this appeal follows.

¶ 5 Appellants claim that venue was proper in Northampton County. Our standard of review in this matter is well established: "a trial court's decision to

---

1.  Plaintiffs consist of the children of the deceased, Marie Mollica: Donna Bilotti–Kerrick (bringing suit as Administratrix of the Estate of Marie Mollica and in her own right), Mark Mollica, Corinne Mollica, and Matthew Mollica.

2.  The trial court's order also transferred defendants' motion to strike with regard to plaintiffs' amended complaint to Lehigh County. This motion was not ruled on by the trial court and will be properly addressed by the appropriate lower court once the venue issue is decided.

3.  Appellants also brought a cause of action against appellees for wrongful death arising out of negligence; and Donna Bilotti–Kerrick, as Administratrix of the Estate of Marie Mollica, brought a cause of action against appellees for survival based on the alleged negligence.

transfer venue will not be disturbed absent an abuse of discretion." *Wood v. E.I. du Pont*, 829 A.2d 707, 709 (Pa.Super.2003). An abuse of discretion occurs "when the trial judge overrides or misapplies the law, or exercises judgment in a manifestly unreasonable manner, or renders a decision based on partiality, prejudice, bias, or illwill." *Id.* Additionally, "a plaintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper ... however, a plaintiff's choice of venue is not absolute or unassailable." *Jackson v. Laidlaw Transit, Inc. & Laidlaw Transit PA, Inc.*, 822 A.2d 56, 57 (Pa.Super.2003). If there exists "any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand." *Id.*

¶ 6 Appellants claim that transfer of venue from Northampton County to Lehigh County constituted an abuse of discretion because venue was proper in Northampton County. Appellants' Brief, at 4. Appellants argue that venue was proper because, in addition to being the location of Dr. Puleo's residence and where he was served with process, Northampton County is where the cause of action arose since Dr. Puleo managed the care of Marie Mollica from his home before arriving at St. Luke's Hospital. *Id.* at 4, 14–15. We disagree.

¶ 7 The Pennsylvania Supreme Court, which has sole responsibility for promulgation of rules regarding venue, announced an amendment to Pennsylvania Rule of Civil Procedure 1006 (the rule governing venue) on January 27, 2003, and on May 5, 2003, the Court declared this amended rule to apply to all actions filed on or after January 1, 2002. While Rule 1006 generally provides that "an action ... may be brought in and only in a county in which ... the [party] may be served, or in which the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose," the amendment to this rule, Rule 1006(a.1), states that "a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose." Pa.R.C.P. 1006(a.1).

¶ 8 The note to Rule 1006(a.1) provides that section 5101.1(c) of the Judicial Code, 42 Pa.C.S. § 5101.1(c), contains the definitions of "medical professional liability action," "medical professional liability claim," and "health care provider." Pa.R.C.P. 1006(a.1). A medical professional liability action is "any proceeding in which a medical professional liability claim is asserted;" a medical professional liability claim is "any claim seeking the recovery of damages or losses from a healthcare provider arising out of any tort or breach of contract causing injury or death resulting from the furnishing of healthcare services which were or should have been provided;" and a health care provider is "a primary health care center ... or a person, including a corporation, university or other educational institution licensed or approved by the Commonwealth to provide health care or professional medical services as a physician, ... hospital, ... and [any] officer, employee or agent of any of them acting in the course and scope of employment." 42 Pa.C.S. § 5101.1(c). Therefore, we note initially that Rule 1006(a.1) applies to this case, which was filed after the effective date of the amendment, because appellants assert a medical professional liability cause of action for medical professional liability claims of negligence against their health care providers, Dr. Puleo and St. Luke's Hospital.

¶ 9 The dispositive issue of this matter, then, is the determination of the county in

which the cause of action arose. Pennsylvania courts have defined the phrase "cause of action" in cases involving claims based upon negligence to mean "the negligent act or omission, as opposed to the injury which flows from the tortious conduct." *Peters v. Sidorov*, 855 A.2d 894, 896 (Pa.Super.2004) *citing Sunderland v. R.A. Barlow Homebuilders*, 791 A.2d 384, 390 (Pa.Super.2002).

¶ 10 In our decision of *Olshan v. Tenet Health System City Ave., LLC*, 849 A.2d 1214 (Pa.Super.2004), we determined that where a plaintiff was misdiagnosed by health care providers in one county but filed suit in another county (where the health care providers' hiring, training, and administration took place), the cause of action arose in the county of misdiagnosis for venue purposes (the place of the negligent act or omission).[4] *See Olshan.* Following *Olshan*, in our decision of *Peters v. Sidorov*, 855 A.2d 894 (Pa.Super.2004), we determined that where a plaintiff was misprescribed a drug in one county but filed suit in another county (where the injury occurred by ingesting the drug), the cause of action arose in the county of misprescription for venue purposes (the place of the negligent act). *See Peters.*

¶ 11 Though appellants, here, claim that Dr. Puleo practiced medicine and was negligent while at his home in Northampton County (by giving orders over the phone and by not immediately caring for his patient as he specifically agreed to), all of appellants' allegations of negligence are based on the delay in the performance of the cardiac catheterization as well as the overall lack of care of Marie Mollica at the

hospital in Lehigh County. Appellants Brief, at 13–14; Amended Complaint, at 10–15. As in *Olshan*, where we held that for venue purposes the cause of action arose in the county where the negligent act or omission of misdiagnosing a condition occurred, and in *Peters*, where we held that for venue purposes the cause of action arose in the county where the negligent act of misprescribing a drug to a patient occurred; here, we hold that for venue purposes the cause of action arose in the county where the negligent act or omission of failing to provide the needed care occurred. As the trial court noted, "Dr. Puleo's negligent conduct would be his failure to treat the decedent as he indicated he would. Even though he gave medical orders over the phone from his home in Northampton County, the orders were carried out in Lehigh County. All of the care provided [or not provided] to the decedent by or through [appellees] occurred in Lehigh County." Trial Court Opinion, 7/22/04, at 6–7. Appellants' claim is that Marie Mollica did not receive the proper and promised care by Dr. Puleo at St. Luke's Hospital. Saint Luke's Hospital, then, is the location of the negligent act or omission, and Lehigh County is the county in which the cause of action arose. Given the statutory definitions, our previous holdings, and the factual circumstances of this matter, and since all the medical care here was furnished (or should have been furnished) to Marie Mollica in Lehigh County, the cause of action, the failure to provide the requisite care, arose in Lehigh County. The venue for appellants' claims was proper, therefore, only in Lehigh

---

**4.** The dissent in *Olshan* agreed that under Rule 1006, venue was proper in the county of misdiagnosis with regard to the doctor, but argued that the hiring, training, and administrative actions of the health system constituted the furnishing of health care services as contemplated by our Supreme Court and the General Assembly. The initial statutory construction concerns of the dissent in *Olshan*, however, are not implicated in the current matter, where our focus is on the secondary determination of where the cause of action arose with regard to the claims against the doctor.

County, and the trial court did not abuse its discretion in transferring venue there.

¶ 12 Order AFFIRMED.