**Berry v. Fitz**

C.P. of Clearfield County, no. 04-1607-CD.

*William S. Schweers Jr.,* for plaintiffs.
*John W. Blasko,* for defendants.

AMMERMAN, *P.J.,* February 22, 2006—On October 14, 2004, the plaintiff, Littie K. Berry, and her husband[1] filed an action in medical malpractice against the defendants. Contained within the complaint were allegations that the principal place of business of the defendants was located in Clearfield County. An answer and new matter to the complaint were filed by the defendants on November 16, 2004, and following the close of the pleadings, the parties proceeded with discovery. On December 22, 2005, the plaintiffs filed a petition for change of venue, requesting that the case be transferred to the Court of Common Pleas of Allegheny County. The petition set forth that the plaintiffs had learned through the discovery process that the defendants maintained their principal office in Allegheny County and that the alleged acts of malpractice also occurred in the defendants' Allegheny County office. The court signed an order dated December 23, 2005 granting the request and directing the prothonotary to forward the case to Allegheny County.

---

1. The plaintiffs reside in Lawrence County, Pa.

On January 6, 2006, the defendants filed a petition for reconsideration of the court's order of December 23, 2005. Argument thereon was scheduled for February 6, 2006. At that time, as the record will reflect, the court surmised that the order transferring venue had become a final order upon the expiration of the 30-day period to file an appeal to the Superior Court. Later that day, prior to this court finalizing any order on the petition for reconsideration, the defendants appealed to the Superior Court. The defendants' concise statement sets forth the following two issues:

(1) Whether the court erred in granting the petition for change of venue without providing the defendants an opportunity to respond.

(2) Whether the court erred in transferring the case to Allegheny County when some of the facts of the medical malpractice occurred in Clearfield County, and the defendants did not invoke their exclusive right under Pa.R.C.P. 1006(e) to raise an objection to plaintiffs' selection of venue.

Before dealing with the issues set forth in the concise statement, the court will review the timeliness of the appeal. Although the court's order was dated December 23, 2005, it was not filed by the prothonotary until December 30, 2005. From examining the record it appears that the prothonotary did not comply with Pa.R.C.P. 236(a)(2) in that service of the order was not made directly upon counsel for the defendants. The docket indicates that on December 30, 2005, the prothonotary sent two certified copies to counsel for the plaintiffs. Therefore, the 30-day period to file an appeal did not begin to run on this date. See Pa.R.A.P. 108(b). Defendants filed their motion for reconsideration on January 6, 2006, so

obviously the defense was in receipt of the order at least by that time. Paragraph three of the petition for reconsideration indicates that defense counsel received the order on January 5, 2006. It matters not which date is used for the calculation of the 30-day period to file an appeal, as the first available business day 30 days from either date is February 6, 2006, the day the appeal was filed. Therefore, this court believes that the appeal was timely filed.

Moving to the issues raised by the defense, this court does not believe it was required to permit the defendants to respond prior to the court issuing an order changing the venue. However, argument on the defendants' petition for reconsideration was scheduled and the court did permit argument at that time.

A review of the depositions of Dr. Fitz, November 22, 2005, page 21 and the defendants' medical secretary, Darlene A. Lange, pages 9-11, shows Clearfield County's connection with the alleged acts of malpractice is nominal at best. The defendants' principal office is located in Allegheny County, with there being various branch clinics. Dr. Fitz had seen Mrs. Berry only at the defendants' clinic located in Slippery Rock, Butler County. Thereafter, following medical direction, Mrs. Berry had contacted the defendants' office located in Allegheny County and inquired about preparations for her surgery. A question was asked about Mrs. Berry going off Coumadin. Ms. Lange then telephoned Dr. Fitz at the defendants' clinic located in Clearfield County. She explained that the patient was going off of her Coumadin and Dr. Fitz indicated that was fine. Mrs. Berry suffered a stroke a few days later.

Rule of Civil Procedure 1006 provides the process to be used when a party wishes a change of venue. This

court believes that the transfer is authorized by either section 1006(a.1) or 1006(d)(1). Rule 1006 (d)(1) reads as follows:

"For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

This section of the rule clearly permits either party to petition the court for a transfer of venue. The defendants' argument that a challenge to venue can only be made by the filing of preliminary objections under 1006(e) is clearly without merit. This particular subsection relates only to a defendant challenging the plaintiff's initial choice of venue and is not relevant to the right of either party to request a change of venue under section(d)(1) or (a.1).

The proper venue for a medical malpractice action is the county in which the cause of action arose. Pennsylvania courts have defined that to mean the negligent act or omission, as opposed to the injury which flows from the tortious conduct. *Peters v. Sidorov,* 855 A.2d 894 (Pa. Super. 2004). The plaintiff's choice of the appropriate forum for the case is given great weight, and a defendant bears the burden of proof in asserting a challenge to the plaintiff's choice of venue. Moreover, the trial court is vested with discretion in determining whether to grant a petition to transfer venue, and will not be overturned absent an abuse of that discretion. If there exists any proper basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. *Masel v. Glassman,* 456 Pa. Super. 41, 689 A.2d 314 (1997).

The case of *Bilotti-Kerrick v. St. Luke's Hospital,* 873 A.2d 728 (Pa. Super. 2005), is almost directly on point in regard to the venue issue before the court. In *Bilotti-Kerrick,* the suit was filed in Northampton County notwithstanding the fact that St. Luke's Hospital is located in Lehigh County and the decedent had been provided with medical care at St. Luke's. The only connection with Northampton County was the fact that Dr. Puleo had his residence there. He took a phone call at his residence from a hospital employee and provided directions relative to the decedent's care. In affirming the transfer of the action to Lehigh County, the Superior Court indicated that "Dr. Puleo's negligent conduct would be his failure to treat the decedent as he indicated he would. Even though he gave medical orders over the phone from his home in Northampton County, the orders were carried out in Lehigh County." 873 A.2d at 731. This is similar to the case at bar where the employee of West Penn Cardiology would have told Mrs. Berry that it was okay to go off of the Coumadin based upon the telephone call made to Dr. Fitz at his office in Clearfield County. Accordingly, the acts of alleged malpractice occurred in Allegheny County and the decision by this court to transfer venue to Allegheny County was correct.