Joseph COHEN and Galit Dadoun-Cohen, Individually and in Their Own Right as Co–Administrators of the Estate of Ethan Amos Dadoun-Cohen, Deceased, Appellants

v.

Kathleen FURIN, MSW, CCE, Maternal Wellness Center, Ronnie Rothman, CNM, Julianna Thompson, CNM, Woman Wise Midwifery, Eric Carlson, D.O., Main Line Perinatal Associates, a Division of Women's Health Care Group of Pennsylvania, LLC and Main Line Hospitals, Inc., d/b/a Lankenau Hospital, Appellees.

Superior Court of Pennsylvania.

Argued Feb. 26, 2008.

Filed March 31, 2008.

Richard M. Golomb, Philadelphia, for appellant.

Karyn D. Rienzi, Philadelphia, for Main Line Hospitals, appellee.

Peter A. Callahan, Philadelphia, for Furin and Maternal Wellness, appellees.

Audrey J. Copeland, King of Prussia, for Rothman, Thompson and Woman Wise, appellees.

Charles T. Roessing, Berwyn, for Carlson and Main Line Perinatal, appellees.

BEFORE: KLEIN, GANTMAN and ALLEN, JJ.

OPINION BY KLEIN, J.:

¶ 1 Joseph Cohen and Galit Dadoun–Cohen ("Plaintiffs"), individually and as co-administrators of the estate of their son, Ethan Amos Dadoun–Cohen, appeal from a trial court order transferring their case from Philadelphia County to Montgomery County. We affirm.

¶ 2 The suit was brought as a result of the death of Ethan, who died shortly after his birth in Montgomery County. The pre-natal care of Mrs. Dadoun-Cohen by defendants was rendered at Lankenau Hospital in Montgomery County. All of the "hands on" care of Mrs. Dadoun–Cohen and Ethan took place in Montgomery County. Plaintiffs claim that Kathleen Furin, Maternal Wellness Center, Ronnie Rothman and Woman Wise Midwifery are properly sued in Philadelphia, and therefore it was improper to transfer the case. Because Plaintiffs have not established that there was "furnishing health care services" in Philadelphia, to establish venue under 42 Pa.C.S.A. § 5101.1, Plaintiffs' claim fails.

¶ 3 Essentially, Plaintiffs raise three errors on appeal.

¶ 4 First, Plaintiffs claim that Kathleen Furin and Maternal Wellness Center, Philadelphia co-defendants, rendered care that creates venue in Philadelphia. The Furin/Maternal Wellness defendants, primarily social service providers, did not render medical care in this case. Their alleged negligence is referring Mrs. Dadoun–Cohen, who had a high risk pregnancy, to midwives instead of a physician. However, making a referral is not "furnishing health care services" to establish venue under 42 Pa.C.S.A. § 5101.1.

¶ 5 Second, Plaintiffs claim that there is venue created because when Mrs. Dadoun–Cohen first went into labor, she placed a phone call from Philadelphia to Ronnie Rothman of Woman Wise Midwifery in Philadelphia. Plaintiffs claim Ms. Rothman negligently told them to cancel an ambulance and wait before going to the hospital in Montgomery County. Pennsylvania case law establishes that telephone communication does not constitute "furnishing health care services" in a county when the physical services are to be rendered in another county.

¶ 6 Third, Plaintiffs further claim error because the trial judge refused to allow additional discovery after he granted preliminary objections and transferred venue from Philadelphia to Montgomery County. Because Plaintiffs have an obligation to present all evidence to the trial judge at the time of the initial preliminary objections, it was not an abuse of discretion to deny further discovery after the ruling had been made.

¶ 7 A full discussion follows.

**Facts and Procedure**

¶ 8 Plaintiffs learned they were expecting a child around September 2005. In April 2006, Mrs. Dadoun–Cohen was diagnosed by a doctor at Philadelphia County's Pennsylvania Hospital with gestational diabetes and polyhydramnios, which increased the risk of premature labor and perinatal mortality. Around this time Plaintiffs planned to deliver their baby at Defendant Lankenau Hospital in Wynnewood, Pa., Montgomery County. Additionally, Plaintiffs sought assistance from Defendant Kathleen Furin, a certified childbirth educator who worked at the Maternal Wellness Center in Philadelphia. Plaintiffs expressed their concern about the high-risk pregnancy and Furin referred them to Defendants Ronnie Rothman and Julianna Thompson, both certified nurse-midwives at Woman Wise Midwifery which was a healthcare facility located at Lankenau Hospital. During the months leading up to the delivery, Mrs. Dadoun–Cohen was treated for all "hands-on" care in Wynnewood.[1]

¶ 9 On the evening of June 20, 2006 Mrs. Dadoun–Cohen's contractions began. Mr. Cohen contacted Ms. Rothman at her Philadelphia phone number, and hoped that she would meet them at Lankenau Hospital to deliver the baby. Ms. Rothman told Plaintiffs to cancel the ambulance that had been ordered and Plaintiffs heeded this advice.

¶ 10 Plaintiffs, some time later, drove to Lankenau Hospital and Mrs. Dadoun–Cohen was admitted to the emergency department for fetal monitoring. The next day Ethan was delivered via caesarian section. Ethan was transferred to Thomas Jefferson University Hospital due to seizures, perinatal asphyxia and suspicion of sepsis. Ethan eventually passed away at Thomas Jefferson University Hospital on June 23.

¶ 11 On February 15, 2007 Plaintiffs filed their complaint in Philadelphia County, asserting negligence, professional malpractice, wrongful death and negligent infliction of emotional distress. On March 15, 2007, Defendants Furin and the Maternal Wellness Center filed preliminary objections, which did not raise the issue of venue. Defendants Rothman, Thompson, and Woman Wise Midwifery filed preliminary objections on March 20, 2007, and Dr. Carlson and Main Line Perinatal Associates filed theirs on March 23. Amongst

---

1. Apparently Woman Wise Midwifery has an office in Philadelphia, in the same building as the Maternal Wellness Center; however, Mrs. Dadoun–Cohen was never treated at this office.

other issues, both set of defendants' preliminary objections argued that the proper venue for litigation was in Montgomery County and should be transferred from Philadelphia County. On March 29, 2007, Lankenau Hospital filed their preliminary objections also raising the issue of venue.

¶ 12 The trial court sustained the preliminary objections on April 24, 2007 and transferred the litigation from Philadelphia County to Montgomery County. The court reserved all the remaining issues raised in the defendants' preliminary objections for the Montgomery County trial court to determine.

■ ¶ 13 Plaintiffs filed a motion for reconsideration of the April 24th order on May 4, 2007, which was denied. Plaintiffs timely appealed. Plaintiffs claim that the trial court erred in transferring the action to Montgomery County because they had properly proved that the defendants committed crucial errors in Philadelphia County. Additionally, Plaintiffs contend that the trial court improperly assumed certain facts to support the transfer order and erroneously denied Plaintiffs' request to order limited discovery on the issue of venue.[2]

## Discussion

■ ¶ 14 **1. Venue because of Defendants Furin and Maternal Wellness Center.** Plaintiffs claim co-defendants Kathleen Furin and the Maternal Wellness Center (the Furin/Maternal Wellness defendants) furnished medical care in Philadelphia, and since there is proper venue for them in Philadelphia, the trial court erred in transferring the case to Montgomery County.

¶ 15 The Maternal Wellness Center is a non-profit group that gives various advice to prospective parents on their "transition to parenthood." (Trial Court Opinion, 8/23/07, at 2.) Plaintiffs allege that the Furin/Maternal Wellness defendants' negligence was in advising Plaintiffs to go to a midwife service instead of a physician. Plaintiffs claim this referral was improper because of the high-risk nature of Mrs. Dadoun–Cohen's pregnancy.

■ ¶ 16 Pennsylvania Rule of Civil Procedure 1006(a.1) provides that a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose, and the cause of action is deemed to have arisen where health care services are furnished. Pa.R.C.P. 1006(a.1); *Olshan v. Tenet Health System City Avenue, LLC,* 849 A.2d 1214, 1216 (Pa.Super.2004). A medical professional liability claim is "[a]ny claim seeking the recovery of damages or loss from a health care provider arising out of any tort or breach of contract causing injury or death resulting from the *furnishing of health care services* which were or should have been provided." 42 Pa.C.S.A. § 5101.1 (emphasis added).

¶ 17 This situation is similar to that decided by this Court in *Olshan, supra.* In that case, this Court said that "health care services" within the meaning of Rule 1006(a.1) relates to medical care and directly related activities; it did not apply to ancillary services, such as hiring physicians, drafting rules, or supervising and reviewing the work of health care professionals. *Id.* at 1216. This Court held,

---

**2.** "A trial court has discretion to determine the lack of need for further discovery on the issue of venue, and we review its decision in that regard for abuse of discretion. The court abuses its discretion if, in resolving the issue

for decision, it misapplies the law, exercises its discretion in a manner lacking reason, or does not follow legal procedure." *Deyarmin v. Consolidated Rail Corp.,* 931 A.2d 1, 7 (Pa.Super.2007).

"[n]othing was 'furnished' to [the] patient in Philadelphia. All of her treatment (health care services) took place in Montgomery County." *Id.*

¶ 18 Similarly, no *medical care* was given by the Furin/Maternal Wellness defendants. At most, these defendants negligently made a referral to a midwife rather than a physician. However, all the *medical care* was rendered at Lankenau Hospital in Montgomery County. Moreover, liability is secondary on the part of the Philadelphia defendants, supporting the point that they were not "furnishing health care services." In essence, it is only the subsequent allegedly improper treatment that created the allegedly negligent referral. Therefore, even if the Philadelphia defendants' referral was negligent an award would be unlikely if all the subsequent treatment was not negligent because there would be no damages.

¶ 19 In the same vein as *Olshan*, although it appears in some other situations that Ms. Furin and the Maternal Wellness Center have rendered health care services, the mere referral to another health care professional in this case does not constitute "furnishing health care services" to Mrs. Dadoun-Cohen. Therefore, although the Furin/Maternal Wellness defendants may be liable on other grounds, they did not "furnish health care services" to Mrs. Dadoun-Cohen and thus Plaintiffs cannot base venue on this mere referral. *Olshan, supra.*

■ ¶ 20 **2. Venue because of Ronnie Rothman and Woman Wise Midwifery.** Plaintiffs claim that Ronnie Rothman and Woman Wise Midwifery (the Rothman/Woman Wise defendants) are subject to venue in Philadelphia. Plaintiffs base this claim on the fact that when Mrs. Dadoun-Cohen went into labor in Philadelphia, she called Ms. Rothman in Philadelphia and Ms. Rothman negligently told

Mrs. Dadoun-Cohen to cancel the ambulance and wait before going to the hospital.

¶ 21 This claim is similar to the claim made in *Bilotti-Kerrick v. St. Luke's Hospital*, 873 A.2d 728 (Pa.Super.2005). There, a doctor gave by telephone a medical opinion from Northampton County regarding treatment to be given in Lehigh County. This Court noted that it is the place where the treatment is to be furnished that constitutes the *situs* for venue. This Court held:

> [F]or venue purposes the cause of action arose in the county where the negligent act or omission of failing to provide the needed care occurred. '[The doctor's] negligent conduct would be his failure to treat the decedent as he indicated he would. Even though he gave medical orders over the phone from his home in Northampton County, the orders were carried out in Lehigh County. All of the care provided or not provided to the decedent by or through [the hospital] occurred in Lehigh County.'

*Id.* at 731. Therefore, a telephone call giving medical advice from a different county, where the care was not rendered, does not create venue where the call was made.

¶ 22 In this case, although Ms. Rothman spoke to Plaintiffs by telephone from Philadelphia, and although Plaintiffs were also in Philadelphia, no care was furnished to Mrs. Dadoun-Cohen in Philadelphia. Therefore, this does not create venue in Philadelphia. Additionally, Plaintiffs allege in their complaint that Rothman/Woman Wise was negligent in their diagnosis and treatment, all of which took place at the Lankenau Hospital office. Therefore, all of the care that was provided, or not provided, occurred in Montgomery County, and thus that is where venue is properly placed. *Bilotti-Kerrick, supra.*

**¶ 23 3. Error in denying additional discovery on motion for reconsideration.** Plaintiffs claim that the trial judge erred in refusing to give Plaintiffs the opportunity to take additional discovery on venue *after the judge's ruling on the motion for reconsideration* of the grant of preliminary objections transferring the case.

¶ 24 It is the obligation of Plaintiffs to present a full response at the time of the ruling on the initial preliminary objections. It is too late to try and conduct additional discovery *after* that party has lost on preliminary objections and is trying to resurrect the loss in a petition for reconsideration. It is totally within the judge's discretion to allow a party to try his or her case again on the motion for reconsideration. We find no abuse of discretion in this case.

¶ 25 In *Fritz v. Glen Mills Schools,* 840 A.2d 1021 (Pa.Super.2003), this Court determined that "[w]hile the trial court's factual findings were made without the benefit of sworn depositions or an evidentiary hearing ... the parties' pleadings indicate [ ] that there were no disputed facts raised by appellant for purposes of establishing venue in Philadelphia, the determination of which would have been dispositive to the question of venue." *Id.* at 1024.

¶ 26 Likewise, the trial court's determination here that venue was improper in Philadelphia County was not an abuse of discretion. None of the facts were disputed, which would have required the taking of discovery on the issue of venue. In particular, all of Mrs. Dadoun–Cohen's medical visits took place in Montgomery County, Ethan was delivered in Montgomery County, and the treatment of Mrs. Dadoun–Cohen and the delivery of the baby encompassed the medical treatment which gave rise to the action. Additionally, in their complaint Plaintiffs allege that the Furin/Maternal Wellness defendants inappropriately referred them to a midwife and that the Rothman/Woman Wise defendants negligently ordered them to cancel the ambulance.

¶ 27 In summary, no medical services were furnished in Philadelphia County, and therefore Philadelphia County is an improper venue based on Rule 1006(a.1). The action was properly transferred to Montgomery County.

¶ 28 Order affirmed.