J-A12032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEBEH KAWAH,<br><br>                    Appellant<br><br>          v.<br><br>PHH MORTGAGE CORPORATION, F/K/A CENDANT MORTGAGE D/B/A PHH MORTGAGE SERVICES, FEDERAL NATIONAL MORTGAGE ASSOCIATION, D/B/A/ FANNIE MAE,<br><br>                    Appellees | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br>No. 2096 EDA 2015 |

Appeal from the Order Entered June 5, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): November Term 2013, No. 01923

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JULY 08, 2016**

Appellant Jebeh Kawah appeals *pro se* from the June 5, 2015, Order which sustained the preliminary objections of PHH Mortgage Corporation ("PHH") and the Federal National Mortgage Association (d/b/a "Fannie Mae") (collectively "Appellees"), and dismissed Appellant's amended complaint with prejudice.   We affirm.

The relevant facts and procedural history have been aptly set forth by the trial court as follows:

> On January 3, 2005, Appellant executed a Mortgage upon the premises of 12135 Academy Road #26, Philadelphia, PA, 19154-2942.  The Mortgage was recorded at the Office of the Recorder of Deeds of Philadelphia County[.]

*Former Justice specially assigned to the Superior Court.

On June 1, 2008, Appellant defaulted on her Mortgage; by the terms of the Mortgage, upon default of payment the entire debt was immediately collectible. *See* [Appellees'] Preliminary Objections, ¶¶ 2-3.

On May 19, 2009, PHH filed its Complaint in Mortgage Foreclosure.

On April 16, 2010, default judgment was entered against Appellant for her failure to file an Answer to the Complaint in Mortgage Foreclosure.

The instant case commenced [on] November 18, 2013, when Appellant filed her complaint *pro se* and accompanying petition to proceed *in forma pauperis*, alleging discrimination under federal laws, violations of the Home Affordable Modification Program ("HAMP") guidelines, violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and negligence in the processing and/or reviewing of her loan modification application. In her complaint, [Appellant] sought a Temporary Restraining Order and Preliminary Injunctive Relief preventing her ejectment from 12135 Academy Road, the rescinding of the foreclosure, and unspecified monetary damages.

On December 13, 2013, Appellant filed a preliminary injunction seeking the same relief as that in her Complaint, which was denied on December 26, 2013, as moot.

On December 26, 2013, a judgment of *non pros* was entered for failure to pay the appropriate filing fee; however, the same day, the case was placed back into active status due to being *non prossed* in error.

On February 12, 2014, [Appellees] filed preliminary objections to [Appellant's] Complaint, on the grounds that the Complaint was frivolous litigation pursuant to Pa.R.C.P. 233.1(a) as the arguments were the same as those raised in her preliminary injunction and would have been more properly brought as an Answer and New Matter in the underlying foreclosure action; and that the Complaint did not conform to Pa.R.C.P. 1028(a)(3), requiring specificity in pleading, as the Complaint was "replete with conclusory allegations" and failed to present facts to support her accusations. *See* [Appellees'] Preliminary Objections, ¶¶ 19-22.

[Appellant] did not respond to [Appellees'] Preliminary Objections.

On March 12, 2014, [the trial court] entered an order sustaining [Appellees'] Preliminary Objections and dismissing [Appellant's] Complaint [without prejudice].

On March 17, 2014, Appellant filed a timely Motion for Reconsideration, alleging that Appellees had continued to send her "contradictory and confusing communication" regarding her mortgage status despite having admitted to processing errors, and arguing that a manifest injustice had occurred because she was a *pro se* party and had been treated unfairly. ***See*** [Appellant's] Motion for Reconsideration, ¶¶ 2-3, 6.

On April 8, 2014, [Appellees] filed a timely response to [Appellant's] motion, denying [Appellant's] averments and noting that [Appellant] failed to file a responsive pleading to contradict the averments of [Appellees'] Preliminary Objections. ***See*** [Appellees'] Answer to [Appellant's] Motion for Reconsideration, ¶¶ 1-6.

On April 14, 2014, prior to th[e] [trial court's] ruling on the Motion for Reconsideration, Appellant filed a Notice of Appeal to the Superior Court.

On April 22, 2014, [the trial court] formally denied Appellant's Motion for Reconsideration.

On April 28, 2014, [the trial court] filed its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On April 29, 2014, Appellant filed her Statement of Errors Complained of on Appeal, arguing that [the trial court] erred in "dismissing [Appellant's] Complaint due to no response." ***See*** Appellant's Concise Statement of Errors Complained of on Appeal, ¶¶ 1-3.

On July 1, 2014, the Property was sold at [a] Sheriff's sale [to Fannie Mae]. ***See*** Appellees' Preliminary Objections, ¶ 18.

On July 25, 2014, [the trial court] issued its opinion pursuant to Pa.R.A.P. 1925(a).

On February 27, 2015, Appellees filed a Rule to file a Complaint.

On April 1, 2015, Appellant filed an Amended Complaint, raising several counts. Her Complaint averred that Appellees discriminated against Appellant in regard to loan modification of the mortgage on the Property in violation of various federal laws; violations of HAMP; "wrongful foreclosure;" breach of contract; breach of the covenant of good faith and fair dealing; violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law; and "willful, negligent, and continued misrepresentations."

On April 15, 2015, the Superior Court of Pennsylvania quashed Appellant's April 14, 2014, appeal [on the basis it was taken from a non-appealable interlocutory order].

On May 13, 2015, Appellees filed Preliminary Objections to Appellant's [Amended] Complaint, averring that Appellant's Amended Complaint should be dismissed pursuant to Pa.R.C.P. 233.1 as frivolous litigation [based on the theory of *res judicata*];. . .pursuant to Pa.R.C.P. 1028(a)(3) as the Complaint lacked sufficient specificity; and. . .pursuant to Pa.R.C.P. 1028(a)(4) [since the Complaint failed to state a cause of action].

On June 5, 2015, [the trial court] sustained Appellees' Preliminary Objections and dismissed Appellant's Amended Complaint with prejudice.

On June 7, 2015, [despite the dismissal of her Amended Complaint with prejudice,] Appellant filed a Second Amended Complaint, averring that she did not receive electronic notice of the Preliminary Objections in accordance with Pa.R.C.P. 205.4.

On June 10, 2015, Appellees filed a Motion to Strike Appellant's [Second] Amended Complaint, averring that Appellant's [Second] Amended Complaint was untimely, filed not only after the response was due, but after she received notice of [the trial court's] June 5, 2015, Order granting Appellees' Preliminary Objections, [ ] that service of the objections had been completed[,] and that Appellant had not raised sufficient facts to rebut the presumption of proper service.

On June 12, 2015, [before the trial court ruled on Appellees' Motion to Strike], Appellant filed a Motion for Reconsideration [of the June 5, 2015, Order]. [The Motion] did not raise any additional facts or law that would require granting said Motion, [and it was summarily denied]. Appellant argued that as Appellees "filed multiple Praecipes to Discontinue and End Matter. . .any subsequent foreclosure action should have been initiated with appropriate notice to [Appellant]." However, an examination of the docket in Appellees' Mortgage Foreclosure case against Appellant reflects that a Judgment by Default was entered April 16, 2010; that a sheriff's sale was held in 2010 but set aside by Appellees on April 18, 2011; that the Property was resold on July 1, 2014; and that a Satisfaction of Judgment and Praecipe to Discontinue were then filed on April 23, 2015. Despite Appellant's averments, none of this activity amounts to the creation of a "subsequent foreclosure notice."

On June 25, 2014, Appellant filed a timely Notice of Appeal to the Superior Court.

On June 29, 2015, [the trial court] issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file her Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

On July 15, 2015, Appellant filed her Concise Statement of Matters Complained of on Appeal, averring that [the trial court] erred: in sustaining Appellees' Preliminary Objections and misapplied the theory of *res judicata* because the case is based upon a "different transaction—namely the TPP (Trial Period Plan) agreement;" in concluding that Appellant failed to state a sufficient cause of action; and in dismissing Appellant's Motion for Reconsideration "without regard to the Notice deficiency of all of [Appellees'] subsequent foreclosure actions against [Appellant]."

[On July 24, 2015, the trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.]

Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 1-5 (footnotes and

bold omitted).

- 5 -

In its Opinion, the trial court explained it dismissed Appellant's amended complaint with prejudice based on the application of the doctrine of *res judicata*. Moreover, the trial court indicated that, even if Appellant's claims were not barred by *res judicata*, her amended complaint failed to state a cause of action for which relief could be granted such that dismissal was proper. Finally, the trial court found meritless Appellant's claim that the court abused its discretion in failing to grant Appellant's June 12, 2015, motion for reconsideration.

Our standard of review of a trial court ruling sustaining preliminary objections is as follows:

> [We must] determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Majorsky v. Douglas*, 58 A.3d 1250, 1268-69 (Pa.Super. 2012) (quotation omitted).

On appeal, Appellant has presented this Court with a largely incomprehensible, undeveloped argument. For instance, as it pertains to the

trial court dismissing her amended complaint on the basis of *res judicata*, Appellant's entire argument with regard thereto is found in the "Summary of Argument" portion of her appellate brief, wherein she states:

> Appellees maintain [Appellant's] claims are barred by *res judicata*, but the facts of the case indicate otherwise: the bases of [Appellant's] claims could not have been brought up during any prior adjudications since they were undisclosed during the prior processes. In essence, PHH's actions in breaching its contract with [Appellant] are so fraught with previously undisclosed misrepresentation as to constitute constructive fraud based on their concealment of material fact and [Appellant's] justifiable reliance on PHH's misrepresentations.

Appellant's Brief, Summary of Argument.[1]

Appellant's conclusory, undeveloped paragraph lacking citation to authority is insufficient to permit meaningful review of whether the trial court erred in dismissing Appellant's amended complaint on the basis of *res judicata*. Accordingly, although we are not insensitive to the fact Appellant is proceeding *pro se*, we decline to address this issue further. **See Wilkins v. Marsico**, 903 A.2d 1281, 1284 (Pa.Super. 2006) (holding that, although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant); **Commonwealth v. Miller**, 721 A.2d 1121, 1124 (Pa.Super. 1998) ("When issues are not properly raised and developed in briefs,. . .a court will not consider the merits thereof.") (citations omitted).

---

[1] Appellant has not paginated her brief.

With regard to whether the trial court properly sustained the preliminary objections and dismissed Appellant's amended complaint on the basis it failed to state a cause of action, to the extent Appellant's brief presents a cogent argument, we affirm on the basis of the well-reasoned opinion authored by the Honorable Nina Wright Padilla. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15. Specifically, (1) as to Appellant's claim Appellees violated HAMP, the trial court concluded Appellant's claim failed as a matter of law since "Appellant's raising of Appellees' noncompliance with HAMP is futile when Appellant has no right to enforce compliance[,]" *Id.* at 9 (quoting *HSBC Bank, NA v. Donaghy*, 101 A.3d 129, 137 (Pa.Super. 2014));[2] (2) as to Appellant's claim she was subjected to a "wrongful foreclosure," the trial court concluded Appellant's claim failed since she was "barred from re-litigating claims related to the foreclosure...[and] waived her right to appeal the foreclosure[,]" *Id.*; (3) as to Appellant's claim of breach of contract that the HAMP trial modification plan offered to Appellant constituted a contract and Appellees breached the

_____

[2] As this Court indicated in *Donaghy*:
> [I]t is well-settled that borrowers do not have a private federal right of action under HAMP, a federal program created pursuant to the Emergency Economic Stabilization Act. The primary reason upon which courts have relied to deny borrowers a right of action is that borrowers are not intended third party beneficiaries of HAMP contracts between the federal government and lenders.

*Donaghy*, 101 A.3d at 136 (citations omitted).

contract by declining to modify her loan, the trial court concluded this was an attempt to assert a private cause of action under HAMP and "Appellant cannot bring a private cause of action for alleged violations of HAMP[,]" *Id.*; (4) as to Appellant's claim Appellees violated Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, the trial court noted Appellant presented "conclusory statements of law, [and] she does not identify how Appellee[s] violated any practices of the UTPCPL[,]"[3] *Id.* at 10; (5) as to Appellant's claim of willful, negligent, and continued misrepresentations by Appellees, the trial court concluded Appellant's claim failed as a matter of law since Appellant did not proffer facts indicating that Appellees owed a duty of care to her, *Id.*[4, 5]

---

[3] For a discussion of the elements of a claim under the UTPCPL, see *Kern v. Lehigh Valley Hospital, Inc.*, 108 A.3d 1281 (Pa.Super. 2015).

[4] Moreover, as to any suggestion made by Appellant regarding intentional misrepresentation, the trial court noted the claim failed as a matter of law since "Appellant has not and cannot prove that any alleged misstatements were made falsely with knowledge of the falsity or recklessness as to whether it is true or false." Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 11.

[5] In its Opinion, the trial court also discussed the reasons it sustained Appellees' preliminary objections regarding Appellant's claims that Appellees discriminated against her in regard to the loan modification of the mortgage in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, the Fair Housing Act, 42 U.S.C. § 3605, and Appellant's equal rights under 42 U.S.C. § 1981. *See* Trial Court Pa.R.A.P. 1925(a) Opinion, filed 7/24/15, at 7-8. Appellant has presented no argument concerning the trial court's sustaining of Appellees' preliminary objections as to these claims.

Finally, as to Appellant's claim the trial court erred in denying her motion for reconsideration, the trial court noted "[the motion] did not raise any additional facts or law that would require granting said [m]otion, [and it was summarily denied]." *Id.* at 4. We find no abuse of discretion in this regard. *See Cohen v. Furin*, 946 A.2d 125 (Pa.Super. 2008) (noting review of motion for reconsideration is subject to an abuse of discretion standard).[6]

For all of the foregoing reasons, we affirm. We direct the parties to attach a copy of the trial court opinion in the event of further proceedings.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016

_____

[6] Appellant presents in her brief various allegations related to her ejectment. However, an appeal related to the ejectment action has been listed in this Court at a separate docket number, 2704 EDA 2015, and a panel of this Court shall address issues related thereto in a separate decision.