J-A08039-17

2017 PA Super 233

| | |
|---|---|
| MAXAMOR WENTZEL, A MINOR, BY HIS PARENT AND NATURAL GUARDIAN CHARISMA WENTZEL, AND CHARISMA WENTZEL, IN HER OWN RIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DOMINIC CAMMARANO, III, D.O.; READING HEALTH PHYSICIAN NETWORK; READING OB/GYN, P.C., READING OB/GYN & WOMEN'S BIRTH CENTER, LLC; READING HOSPITAL; READING HEALTH SYSTEM; ALL ABOUT CHILDREN PEDIATRIC PARTNERS, P.C.; TENET HEALTH SYSTEM; ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN, LLC; ST. CHRISTOPHER'S HOSPITAL FOR CHILDREN HEART CENTER FOR CHILDREN AND ALLEGHENY INTEGRATED HEALTH GROUP | |
| APPEAL OF: CHARISMA WENTZEL, INDIVIDUALLY IN HER OWN RIGHT AND AS PARENT AND NATURAL GUARDIAN OF MAXAMOR WENTZEL | No. 1159 EDA 2016 |

Appeal from the Order March 24, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 4185 August Term, 2015

BEFORE: PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

CONCURRING STATEMENT BY LAZARUS, J.:          **FILED JULY 19, 2017**

---

[*] Former Justice specially assigned to the Superior Court.

I concur. In a medical malpractice claim, a plaintiff's cause of action arises where the defendants' alleged negligent acts occurred. It is where the health care services are furnished, not where the plaintiff's injury occurred. **See** Pa.R.C.P. 1006(a.1). For venue purposes in a medical malpractice action, the cause of action arises in the county where the negligent act or omission of failing to provide the needed care occurred. **Cohen v. Furin**, 946 A.2d 125 (Pa. Super. 2008).

Here, a pediatric cardiologist working for St. Christopher's Hospital, located in Philadelphia, interpreted Plaintiff's Berks County transthoracic echocardiogram (TEE) in Philadelphia County, wrote a report of her findings, billed for her services, and forwarded the results of the test to Plaintiff's treating providers in Berks County. Accordingly, Philadelphia County is where the alleged malpractice occurred; it is where the health care services were rendered to Plaintiff.

Where the review and interpretation of the Berks County TEE took place in Philadelphia, the diagnosis and recommended course of action was rendered by a doctor located in Philadelphia County, and that same Philadelphia doctor did not transmit the results in a timely fashion, venue is proper in Philadelphia. Pa.R.C.P. 1006(a.1). Because the St. Christopher's doctor failed to timely transmit her report to the Berks County providers, which recommended Plaintiff receive immediate treatment or intervention at St. Christopher's Hospital, Plaintiff's treatment was delayed, which ultimately caused him harm. This neglect was neither ministerial, secretarial, nor insignificant. Accordingly, the trial court abused its discretion in sustaining Defendants' preliminary objections and transferring venue to Berks County.