CONCURRING STATEMENT BY
LAZARUS, J.:
I concur. In a medical malpractice claim, a plaintiffs cause of action arises wheré the defendants’ alleged negligent acts occurred. It' is where the health care services are furnished, not where the plaintiffs injury occurred. See Pa.R.C.P. 1006(a.1). For venue purposes in a medical malpractice action, the cause of action arises in the county where the negligent act or omission of failing to provide the needed care occurred. Cohen v. Furin, 946 A.2d 125 (Pa. Super. 2008).
Here, a pediatric cardiologist working for St. Christopher’s Hospital, located in Philadelphia, interpreted Plaintiffs Berks County transthoracic echocardiogram (TEE) in Philadelphia County, wrote a report of her findings, billed for her services, and forwarded the results of the test to Plaintiffs treating providers in Berks County. Accordingly, Philadelphia County is where the alleged malpractice occurred; it is where the health care services were rendered to Plaintiff.
Where the review and interpretation of the Berks County TEE took place in Philadelphia, the diagnosis and recommended course of action was rendered by a doctor located in Philadelphia County, and that same Philadelphia doctor did not transmit the results in á timely fashion, venue is proper in Philadelphia. Pa.R.C.P. 1006(a.lj. Because the St. Christopher’s doctor failed to timely transmit her report to the Berks County providers, which recommended Plaintiff receive immediate treatment or intervention at St. Christopher’s Hospital, Plaintiffs treatment was delayed, which ultimately caused him harm. This neglect was neither ministerial, secretarial, nor insignificant. Accordingly, the trial court abused its discretion in sustaining Defendants’ preliminary objections and transferring venue to Berks County.