J-S18034-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ZELMA SHOWELL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ABINGTON MEMORIAL HOSPITAL, | : | No. 1407 EDA 2020 |
| ABINGTON HEALTH, AND ABINGTON | : | |
| HEALTH PHYSICIANS C/O ABINGTON | : | |
| MEMORIAL HOSPITAL | : | |

Appeal from the Order Entered June 1, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 200200124

BEFORE:   PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED JULY 30, 2021**

This matter is an appeal filed by plaintiff Zelma Showell (Plaintiff) from an order of the Court of Common Pleas of Philadelphia County (trial court) sustaining preliminary objections to improper venue filed by the defendants, Abington Memorial Hospital, Abington Health, and Abington Health Physicians (collectively, Defendants), and transferring Plaintiff's medical professional liability action to the Court of Common Pleas of Montgomery County.  For the reasons set forth below, we affirm.

On February 3, 2020, Plaintiff filed this action in Philadelphia County against Defendants alleging that they provided negligent medical care to her

_____

[*] Retired Senior Judge assigned to the Superior Court.

for high blood pressure and strokes between July 19, 2018 and August 7, 2018.

In her complaint, Plaintiff alleges that she was admitted to defendant Abington Memorial Hospital, which is located in Montgomery County, on July 19, 2020 with symptoms of headache, weakness, slurred speech, unsteady gait, and facial droop and blood pressure readings of 273/133 and 200/91. Complaint ¶¶2, 14, 16. Plaintiff alleges that she was treated there by physicians and nurses employed by defendants Abington Health Physicians, Abington Memorial Hospital, and Abington Heath and that during this hospitalization, an acute stroke was detected and that her blood pressure ranged from 123/83 to 229/106 and 227/135. *Id.* ¶¶5, 17-34. Plaintiff further alleges that Abington Memorial Hospital discharged her on July 22, 2018, although her blood pressure readings that day ranged from 204/95 to 223/98, and that it failed to provide her with the blood pressure medications she was to take after discharge or prescriptions for those medications. *Id.* ¶¶31-36.

Plaintiff alleges in her complaint that following her discharge, she received home healthcare visits on July 23, 2018 and July 25, 2018 at her home in Philadelphia from nurses that she alleges were employed by defendant Abington Memorial Hospital or defendant Abington Health. Complaint ¶¶37-38, 43-44. Plaintiff alleges that at the July 23, 2018 home visit, her blood pressure was 160/88 and her "neurological assessment was

intact except for slight slurred speech and slight dragging of left leg noted, but these were reported to be improving." *Id.* ¶42. Plaintiff also alleges that at the July 23, 2020 home visit, the nurse concluded that Plaintiff did not have required and prescribed medications and informed Abington Memorial Hospital and/or Abington Health that Plaintiff did not have these medications. *Id.* ¶40. Plaintiff alleges that at the July 25, 2018 home visit, Plaintiff had blood pressure readings of 182/100 and 162/100 and "complained of headache, was lethargic, had left sided weakness, was dragging her left leg with a shuffling gait, had slurred speech, and was reportedly weaker, more lethargic, and not eating/drinking well." *Id.* ¶45. Plaintiff also alleges that at the July 25, 2020 home visit, the nurse informed Abington Memorial Hospital and/or Abington Health that Plaintiff did not have required and prescribed medications and that Plaintiff was sent to the Abington Memorial Hospital emergency room. *Id.* ¶¶49-50.

According to her complaint, Plaintiff was readmitted to Abington Memorial Hospital on July 25, 2018 where she was again treated by physicians and nurses employed by Abington Health Physicians, Abington Memorial Hospital, and Abington Heath. Complaint ¶¶5, 51-90. Plaintiff alleges at the time of her readmission, no evidence of any new stroke was found, but that on July 28, 2018, during this hospitalization, she suffered a stroke. *Id.* ¶¶53, 63-65, 79. Plaintiff remained hospitalized at Abington Memorial Hospital until August 7, 2018, when she was discharged to a rehabilitation facility. *Id.* ¶91.

On March 11, 2020, Defendants filed preliminary objections to Plaintiff's complaint in which they asserted objections to venue and sought to strike certain averments as insufficiently specific. In their venue objections, Defendants contended that venue was not proper in Philadelphia County under Pa.R.Civ.P. 1006(a.1) on the grounds that the negligent medical care alleged by Plaintiff occurred in Montgomery County and sought transfer of the action to Montgomery County. Plaintiff opposed Defendants' preliminary objections, asserting that venue was proper in Philadelphia County because Plaintiff had received two home health care visits in Philadelphia. On June 1, 2020, the trial court entered an order overruling Defendants' specificity objections and sustaining the venue objections and transferring the case to the Court of Common Pleas of Montgomery County.

Plaintiff timely appealed the transfer of the case to Montgomery County. Although the June 1, 2020 order is not a final order, it is an appealable interlocutory order. Pa.R.A.P. 311(c) ("An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of *forum non conveniens* or analogous principles"). Our review of this transfer of venue is limited to determining whether the trial court abused its discretion. ***Wentzel v. Cammarano***, 166 A.3d 1265, 1268 (Pa. Super. 2017); ***Peters v. Sidorov***, 855 A.2d 894, 896 (Pa. Super. 2004).

> It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A plaintiff's

choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, [i]f there exists any proper basis for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Wentzel*, 166 A.3d at 1268 (brackets in original) (quoting *Jackson v. Laidlaw Transit, Inc.*, 822 A.2d 56 (Pa. Super. 2003)).

Because this is a medical professional liability action, venue is proper only in a county where at least one of Defendants provided negligent medical care that caused an injury for which the plaintiff seeks to recover damages. Pa.R.Civ.P. 1006(a.1), (c)(2); *Wentzel*, 166 A.3d at 1268-72; *Peters*, 855 A.2d at 897-98, 900. Rule 1006(a.1) provides in relevant part:

Except as otherwise provided by subdivision (c), a medical professional liability action may be brought against a health care provider for a medical professional liability claim only in a county in which the cause of action arose.

Pa.R.Civ.P. 1006(a.1). Rule 1006(c) provides that where claims of joint and several liability with respect to a medical professional liability claim are asserted against two or more defendants, the action may be brought in any county where the cause of action against any of the health care provider defendants arose. Pa.R.Civ.P. 1006(c)(2). This Court has repeatedly held that under Rule 1006(a.1), the cause of action in a medical professional liability action arises in the county where the negligent medical care that caused the plaintiff's injury occurred. *Wentzel*, 166 A.3d at 1268-72; *Bilotti–Kerrick v. St. Luke's Hospital*, 873 A.2d 728, 731 (Pa. Super.

2005); *Peters*, 855 A.2d at 897-98, 900; *Olshan v. Tenet Health System City Avenue, LLC*, 849 A.2d 1214, 1217 (Pa. Super. 2004).

Plaintiff's complaint establishes that the diagnoses and treatment of her strokes and the failure to provide medications or prescriptions on discharge all occurred at Abington Memorial Hospital in Montgomery County. Complaint ¶¶2, 14-36, 51-91. The complaint also alleges that the second stroke occurred while Plaintiff was hospitalized in Montgomery County following several days of hospitalization during which her blood pressure readings were higher than they had been before her admission. *Id.* ¶¶51-65. Plaintiff argues, however, that the trial court abused its discretion in transferring the action because she also received two home health visits in Philadelphia between the two hospitalizations. We do not agree.

While the complaint pleads that Plaintiff received health care from one of Defendants in Philadelphia in these home visits, that is not sufficient to establish venue in Philadelphia County. Rather, venue is proper only where the negligent medical care at issue occurred. *Wentzel*, 166 A.3d at 1268-72 (venue proper in county where negligent delay in communicating medical diagnosis and providing treatment occurred); *Bilotti–Kerrick*, 873 A.2d at 731 (venue proper only in county where negligent delay in performing medical procedure occurred); *Peters*, 855 A.2d at 897-98, 900 (venue proper only in county where physician negligently prescribed medication). Thus, in *Wentzel*, this Court held that venue was proper in Philadelphia County, where

- 6 -

suit was brought, not because some of the plaintiff's non-negligent medical treatment occurred in Philadelphia, but because "the essence of [the plaintiff's] complaint" was that a defendant's actions in Philadelphia negligently delayed communication of a medical diagnosis that required immediate treatment and delayed treatment that he received in Philadelphia. 166 A.3d at 1268-72.

Here, the complaint's averments concerning the home visits negate any claim that Plaintiff's cause of action against any of Defendants arose from negligence in medical care provided in Philadelphia. Although the complaint makes conclusory averments that **Defendants** were negligent on the dates of the home health visits in failing to ensure that Plaintiff had and was taking her blood pressure medications, Complaint ¶¶39, 48, 101(o)-(t), 108(o)-(t), 115(o)-(t), it does not allege that the nurses who provided the care in Philadelphia at those visits acted negligently. To the contrary, the complaint alleges that both home health care nurses were "aware that Plaintiff was missing required and prescribed medications and placed a call to Abington Memorial Hospital and/or Abington Health to informed [*sic*] them of and/or obtain the missing medications." *Id.* ¶¶40, 49. The complaint's claims with respect to these visits are thus claims that Defendants were negligent in responding to the information that the nurses in Philadelphia provided. Indeed, that the averments in paragraphs 101(o)-(t) and 108(o)-(t) of the complaint relate to failure to respond to the information provided by the

nurses, rather than any conduct of the nurses, is confirmed by the fact that the complaint makes identical averments of negligence with respect to defendant Abington Health Physicians, even though it alleges that the nurses were employees of Abington Memorial Hospital or Abington Health, not employees of Abington Health Physicians. *Id.* ¶¶37, 43, 115(o)-(t). All three of the Defendants are located in Montgomery County, *id.* ¶¶2-4, and there is no averment in the complaint that any Defendant's failure to act on the information provided by the home health care nurses occurred anywhere other than Montgomery County.

Because the complaint asserts claims that Defendants provided negligent medical care in Montgomery County and does not assert a claim that medical care that any of Defendants provided in Philadelphia was negligent, the trial court did not abuse its discretion in transferring the action to Montgomery County. *Bilotti–Kerrick*, 873 A.2d at 731-32. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2021